968 F.2d 1222
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abass KHAJAVIRAD, Defendant-Appellant.
 No. 90-50051.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1992.*
Decided July 9, 1992.
 
 Appeal from the United States District Court for the Central District of California; No. CR-89-0330-MRP, Mariana Pfaelzer, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abass Khajavirad appeals his jury conviction under 21 U.S.C. §§ 841(a)(1), 846, 952(a), and 960(a)(1) for the importation, possession, and attempted possession of heroin with intent to distribute. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 3
 Officials of the United States Customs Service intercepted two packages mailed from Singapore that were addressed to a clothing store in Los Angeles, California. The customs officials opened the packages and found two plaques which had approximately 2,192 grams of heroin hidden in their interiors. The packages were resealed and a controlled delivery was conducted with one of the packages. Khajavirad went to the store after the package was delivered, opened the package, and then left the store with the plaque. Federal agents then arrested Khajavirad.
 
 
 4
 The government presented evidence that Khajavirad was in Pakistan, the probable source country of the heroin, and then in Singapore around the dates that the packages were mailed. Khajavirad returned to the United States at approximately the same time that the packages arrived by mail in the United States. A search of Khajavirad's apartment turned up currency from Singapore and a business card from a store in Singapore that sold similar plaques.
 
 I. Denial of the Motion for a New Trial
 
 5
 Khajavirad contends that the trial court abused its discretion in denying his motion for a new trial based on new evidence. The new evidence was a notarized affidavit taken in Iran of Raza Sajadid, an Iranian with whom Khajavirad had previously done business. The affidavit exculpated Khajavirad and inculpated Sajadid.
 
 
 6
 A district court may grant a motion for a new trial based on new evidence if the movant satisfies a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in an acquittal. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). We review the denial of a motion for a new trial based on newly discovered evidence for abuse of discretion. Id.
 
 
 7
 In the present case, the district court judge was well within her discretion in denying the motion for a new trial. Khajavirad's failure to inform the judge before or during the trial that he was unable to locate the witness indicates a lack of due diligence. Id. at 548-49. Further, the evidence is cumulative because Khajavirad testified to the same facts at the trial. The district court judge found that the affidavit "would not add relevant evidence to that which was presented at trial." Additionally, the timing of this evidence, after Khajavirad's conviction, is suspicious. Accordingly, we find no abuse of discretion.
 
 II. Sufficiency of the Evidence
 
 8
 Khajavirad contends that the evidence is insufficient to prove that he knew he was in possession of heroin. He argues that a defendant's possession of contraband without additional proof to indicate his knowledge of its presence is not sufficient to support a conviction.
 
 
 9
 Evidence is sufficient for conviction "if any rational trier of fact, after viewing the evidence in the light most favorable to the government, could have found the defendant guilty beyond a reasonable doubt of each essential element of the crime charged." United States v. Stauffer, 922 F.2d 508, 514 (9th Cir.1990). In determining the sufficiency of the evidence, "circumstantial evidence can be used to prove any fact, including facts from which another fact is to be inferred, and is not to be distinguished from testimonial evidence insofar as the jury's fact-finding function is concerned." Id. (quoting United States v. Kelly, 527 F.2d 961, 965 (9th Cir.1976)).
 
 
 10
 We have held that the "[m]ere possession of a substantial quantity of narcotics is sufficient evidence to support a finding that a defendant knowingly possessed the narcotics." United States v. Collins, 764 F.2d 647, 652 (9th Cir.1985). At the time of arrest, Khajavirad possessed the plaque which contained 101 grams of high quality heroin. Additionally, the government presented several other pieces of evidence that support an inference that Khajavirad knew that the packages contained heroin. This evidence includes a travel agent's invoice showing that Khajavirad's travels followed the timing and path of the shipment, the business card, and the currency.
 
 
 11
 A defendant's knowledge of the concealed contraband is a question for the trier of fact to answer, not for a court of review. United States v. Guzman, 446 F.2d 1137, 1139 (9th Cir.1971). The evidence was sufficient to sustain Khajavirad's convictions.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4.