**UNITED STATES of America, Plaintiff,**

v.

**Frank R. LOCKETT, Defendant.**

**Crim. No. 91–56–FR.**

United States District Court,
D. Oregon.

Dec. 13, 1991.

Charles H. Turner, U.S. Atty., Michael J. Brown, Asst. U.S. Atty., Portland, Or., for plaintiff.

W. Mark McKnight, McKnight & Assoc., P.C., Portland, Or., for defendant.

## OPINION AND ORDER

FRYE, District Judge:

The matter before the court is the motion of defendant, Frank R. Lockett, for a new trial.

On or about February 1, 1991, Lockett was found guilty by a jury of the crime of possession with the intent to distribute cocaine, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a)(1). Lockett moves the court for a new trial on the grounds that a witness, Joseph Lewis, is now ready to testify in his behalf. Lockett explains by way of an affidavit:

3. At the jury trial, I called James Lewis as a witness for the defense, who testified that a quantity of cocaine, for which I have been held responsible, was actually his cocaine, not mine;

4. I have now been informed that Joseph Lewis had seen James Lewis in possession of that cocaine and is now ready to so testify;

5. All efforts and due dillegence [sic] could not have uncovered this fact prior to trial because Joseph Lewis was not made aware of James Lewis' testimony until after the trial, and, because Joseph Lewis did not know at the time of trial that I was being held to account for this exact quantity of cocaine until after he had had an opportunity to discuss this with James Lewis, and, of course, it would have been impossible for an investigator to go around asking every relative or associate of James Lewis whether s/he had any information to corroborate James Lewis' testimony.

Affidavit of Defendant in Support of Defendant's Motion for New Trial, pp. 1–2.

 In order to obtain a new trial based on "newly discovered" evidence, Lockett must show that (1) the evidence was discovered after his trial was concluded; (2) his failure to learn of the evidence at or before the time of his trial was not due to a lack of diligence; (3) the evidence is material to the issues involved; (4) the evidence is not merely cumulative or impeaching; and (5) a new trial would probably produce a different result. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991).

Evidence was produced at trial that by responding to telephone calls made to the paging device seized from Lockett at the time of his arrest, a police officer, representing himself to be Lockett, was able to make arrangements to sell and to buy cocaine. Assuming that the testimony described by Lockett was discovered after trial, and assuming that the failure of Lockett to learn of the evidence was not due to a lack of diligence on his part, there are no grounds upon which this court could conclude that the described testimony would probably produce a different result.

The motion of defendant, Frank R. Lockett, for a new trial is DENIED.

IT IS SO ORDERED.