976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Maria Dolores RODRIGUEZ-DE PELAYO, Defendant-Appellant.
 No. 91-50582.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 21, 1992.
Decided Sept. 24, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and SHUBB,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Maria Dolores Rodriguez-De Pelayo ("Rodriguez") appeals her jury conviction for importing and possessing marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 952, 960. Rodriguez challenges the district court's restriction of Rodriguez' cross-examination of a government witness and denying her motion for a new trial based upon allegedly new evidence. We affirm.
 
 I.
 
 4
 Rodriguez argues that her conviction should be reversed because the district court restricted her cross-examination of a government witness and violated her constitutional right to confrontation thus abusing its discretion. We disagree.
 
 
 5
 Restricting cross-examination does not violate the Constitution unless it denies the jurors information needed to draw appropriate inferences about the reliability of the witness. Olden v. Kentucky, 488 U.S. 227, 232 (1988); United States v. Vargas, 933 F.2d 701, 708 (9th Cir.1991).
 
 
 6
 In the instant case, the district court did not violate Rodriguez' confrontation right, because it allowed similar questions regarding Inspector Taylor's knowledge of Spanish on three other occasions. Additionally, Rodriguez testified that she understood the government witness at the inspection station because he spoke Spanish. In short, the jury had sufficient information to judge the government witness' credibility. Further testimony would only have been repetitive. See Olden, 488 U.S. at 232.
 
 
 7
 The district court did not abuse its discretion in limiting Rodriguez' cross-examination of a government witness. See Vargas, 933 F.2d at 704 (holding that a trial judge's discretion in limiting cross-examination is reviewed for an abuse of discretion).
 
 
 8
 Further we hold that even if a constitutional error exists, the error was harmless. See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). Confrontation Clause errors are subject to harmless error analysis. Id. In determining whether the error was harmless, we look to the importance of the witness' testimony, whether the testimony was cumulative, and the existence of evidence corroborating the witness' testimony. Id.
 
 
 9
 Rodriguez argues that because the district court limited her cross-examination of the government witness, she was unable to show that her nervous behavior was due to the government witness' inability to speak Spanish. Even if the district court erred in restricting Rodriguez' cross-examination of the government witness, the error was harmless, because: 1) the government witness' testimony was not key to the prosecution's case; 2) the testimony would have been cumulative because the trial judge allowed similar questions as to the witness' knowledge of Spanish on three other occasions; and 3) other witnesses' testimony corroborated the government witness' testimony of Rodriguez' nervous behavior.
 
 II.
 
 10
 Rodriguez also argues that the district court abused its discretion by denying her motion for a new trial based upon allegedly new evidence. A motion for a new trial based upon new evidence will be granted if a five-part test is satisfied:
 
 
 11
 (1) the evidence must be newly discovered;
 
 
 12
 (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;
 
 
 13
 (3) the evidence must be material to the issues at trial;
 
 
 14
 (4) the evidence must be neither cumulative nor merely impeaching; and
 
 
 15
 (5) the evidence must indicate that a new trial would probably result in acquittal.
 
 
 16
 United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). We find that the district court did not abuse its discretion in concluding that Rodriguez failed this test on two bases.
 
 
 17
 First, the evidence relied upon by Rodriguez is not newly discovered. Rodriguez contends that a post-trial exculpating affidavit by her son, Fernando Pelayo ("Fernando"), is new evidence. The affidavit states that Fernando loaded the marijuana into his mother's car and that she knew nothing of his activities. Although the exculpating affidavit came into existence after trial, it is nevertheless not new evidence. See United States v. Diggs, 649 F.2d 731, 739-40 (9th Cir.1981), cert. denied, 454 U.S. 970 (1981). In Diggs, we held that "[w]hen a defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not 'newly discovered.' " 649 F.2d at 740. In Diggs, the defendant's motion for a new trial was denied even though his co-defendant originally invoked his constitutional privilege against self-incrimination. Id.
 
 
 18
 Here, the new information comes from a non-party witness who did not invoke his right against self-incrimination, but rather gave testimony contrary to his post-trial affidavit. This case is less compelling than Diggs. Fernando's exculpating post-trial affidavit is not "newly discovered" evidence.
 
 
 19
 Secondly, the failure to discover the evidence sooner could be attributed to Rodriguez' lack of diligence. The district court found an absence of due diligence, because she failed to "properly interrogate [her son, Fernando] who now say[s] that [Rodriguez] knew nothing about it." Rodriguez talked to Fernando several times before trial. However, no questions were asked about the laundry basket which all knew was used in transporting the marijuana. A proper interrogation of Fernando arguably would have included questions regarding such laundry basket. Had such inquiry been made, prior to or at trial, Fernando may have admitted then that he intended to use the laundry basket to transport marijuana. However, the inquiry was not made until after trial.
 
 
 20
 The district court did not abuse its discretion in denying Rodriguez a new trial. See Kulczyk, 931 F.2d at 54 (holding that a district court's denial of a motion for a new trial based on newly discovered evidence is reviewed for an abuse of discretion).
 
 
 21
 AFFIRMED.
 
 
 
 *
 Honorable William B. Shubb, U.S. District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3