985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel MURILLO, Defendant-Appellant.
 No. 92-50103.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1992.
Decided Jan. 26, 1993.
 
 Appeal from the United States District Court for the Southern District of California, No. CR-91-0618-04-GT; Gordon Thompson, Jr., District Judge, Presiding.
 Before: JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Daniel Murillo challenges his conviction for conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. The basis for this appeal is threefold: (1) that the prosecutor engaged in misconduct by knowingly presenting false evidence; (2) that the district court erred by denying Murillo's motion for a new trial based on new evidence; and (3) that Murillo's trial counsel's performance was deficient and violated Murillo's right to effective assistance of counsel.
 
 
 3
 Appellant alleges that the prosecutor presented false testimony to the jury. The basis for the allegation revolves around the testimony of co-defendant Alejandro Gonzalez-Heredia ("Gonzalez"), who Appellant argues is a known liar. Specifically, Appellant asserts that Gonzalez's conduct and inconsistent statements prior to his appearance at trial "put the government on notice that Gonzalez was both a liar and a manipulator who would go so far as to engage in obstruction of justice in order to achieve his ends." Bf. of Appellant at 18.
 
 
 4
 A prosecutor violates a defendant's due process rights when the prosecutor knowingly presents false testimony. See, e.g., United States v. Sherlock, 962 F.2d 1349, 1364 (9th Cir.) ("Reversal will be required when the prosecution knowingly presents false testimony."), cert. denied, 113 S.Ct. 419 (1992); United States v. Polizzi, 801 F.2d 1543, 1549 (9th Cir.1986) ("A conviction obtained by the knowing use of perjured testimony must be set aside if there is any reasonable likelihood that the false testimony could have affected the outcome of the trial."); United States v. Endicott, 869 F.2d 452, 455 (9th Cir.1989) (knowing "presentation of false evidence is incompatible with rudimentary demands of justice").
 
 
 5
 Appellant's assertions fail to demonstrate that the prosecutor "knowingly" presented perjured testimony to the jury. Appellant has not demonstrated that the prosecutor knew that Gonzalez's testimony at trial would be false. The fact that Gonzalez had previously given conflicting versions of events is not sufficient to show that the prosecutor had knowledge that Gonzalez would lie on the stand. See Sherlock, 962 F.2d at 1364. Cross-examination was available to attack the inconsistency of Gonzalez's statements and thus impeach his credibility. The record, in fact, shows that the jury was made aware of these inconsistencies.
 
 
 6
 Appellant contends that the events that took place when Gonzalez initially entered his guilty plea somehow illustrate that the prosecutor knew Gonzalez would lie when he testified. This argument is unpersuasive. Gonzalez's attorney stated to the court, and Gonzalez reiterated, that Gonzalez misunderstood the initial question and merely was setting the record straight. Whether this change was truly a misunderstanding or was a blatant lie was for the jury to decide. There is no evidence that the prosecutor knew that Gonzalez would commit perjury.
 
 
 7
 Appellant's also asserts that the district court erred by denying his motion for a new trial. The relevant test was recently reiterated in United States v. Kulczyk, 931 F.2d 542 (9th Cir.1991): "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal." Id. at 548 ( citing United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987)).
 
 
 8
 Appellant cannot overcome the first two parts of this test. Although the witnesses did not come forward until after the trial, Appellant had knowledge of them throughout. Thus, the district court correctly denied Appellant's motion for a new trial.
 
 
 9
 With respect to Appellant's claim of ineffective assistance of counsel, no violation of defendant's rights appears in the record before us. However, Appellant is not foreclosed from developing a record and presenting such claims in collateral proceedings. See United States v. Bosch, 951 F.2d 1546, 1549 (9th Cir.1991), cert. denied, 112 S.Ct. 2975 (1992).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3