995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton Donovan OLSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bryan D. OLSON, Defendant-Appellant.
 Nos. 92-30395, 92-30425.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Milton Donovan Olson and Bryan D. Olson (The Olsons) appeal the denial of their Fed.R.Crim.P. 33 motion for a new trial following their convictions for mail fraud, respectively, in violation of 18 U.S.C. §§ 1341, 1342. The Olsons contend that the district court erred by denying their motion based upon newly-discovered evidence. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a Rule 33 motion on the basis of newly discovered evidence. United States v. Sitton, 968 F.2d 947, 959 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992), and cert. denied, 113 S.Ct. 1306 (1993); United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 4
 A Rule 33 motion based upon newly discovered evidence requires the movant to show:
 
 
 5
 (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not the result of lack of diligence; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in acquittal.
 
 
 6
 Sitton, 968 F.2d at 959-60; accord United States v. Lopez, 803 F.2d 969, 977 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 
 7
 The following evidence was adduced at jury trial. Milton Olson owned and operated a Seattle-based company called "Rest-O-Pedic," which marketed and sold adjustable beds nationwide. Bryan Olson, Milton's son, was in charge of customer relations. The company generated its customers through direct-mail advertisements. The beds were delivered to its customers directly from "Sci-O-Tech," a Pennsylvania manufacturing company. Between June 1986 and December 1986, approximately 100 customers paid Rest-O-Pedic over $290,000 for beds which were never delivered. Rest-O-Pedic routinely mailed out form letters indicating that manufacturing defects and parts problems had delayed delivery from Sci-O-Tech, although some orders were never placed. The customers' funds were then utilized for other business and personal use.
 
 
 8
 The government adduced evidence that, among other things, Milton Olson failed to submit any payments to Sci-O-Tech for any bed orders after August 22, 1986, continued to sell beds, collected customers' money, and misappropriated the funds. The government submitted Rest-O-Pedic's monthly bank statements and relevant cancelled checks which both indicated that no payments had been made to Sci-O-Tech after August 22.
 
 
 9
 On March 29, 1989, the jury found the Olsons guilty. On April 21, 1990, Milton Olson filed a motion for new trial alleging ineffective assistance of counsel. The district court denied the motion. The Olsons appealed their convictions and this court affirmed. See United States v. Olson, 925 F.2d 1170 (9th Cir.1991).
 
 
 10
 On July 2, 1992, Milton Olson, joined by Bryan Olson, filed a second motion for new trial on the grounds of newly discovered evidence. Milton Olson claimed that in September 1991, his wife found several handwritten check registers and cancelled checks which indicated that payments had been made to Sci-O-Tech for bed orders after August 22, 1986.[1] The district court denied the motion on the grounds that the Olsons had not exercised due diligence in discovering the evidence. The district court further found that the evidence would probably not produce an acquittal at a new trial. There is no error.
 
 
 11
 The Olsons knew that the government was attempting to prove mail fraud by showing, amongst others, their solicitation of customer funds and failure to make subsequent payments to Sci-O-Tech. Given this theory, a check register showing payments to Sci-O-Tech was obviously material. See Sitton, 968 F.2d at 960. The Olsons' failure to inform the district court before or at least during the trial that they were unable to locate such evidence indicates a lack of due diligence. See Kulczyk, 931 F.2d at 548-49. Moreover, it is improbable that a new trial would have resulted in acquittal.[2] The monthly bank statements and cancelled checks introduced at trial both contradicted the check register and indicated that no payments were made to Sci-O-Tech after August 22, 1986.
 
 
 12
 The district court therefore did not abuse its discretion by denying the motion for new trial. See Kulczyk, 931 F.2d at 549.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the motion indicated that cancelled checks had been found, none were submitted
 The Olsons also claim that the district court erred by rejecting the following evidence in support of their motion for a new trial: (1) letters from dissatisfied customers regarding defective beds; and (2) letters and memos regarding financial arrangements between Rest-O-Pedic, Sci-O-Tech and trial witnesses. We disagree. The new evidence is merely cumulative of evidence presented at trial. See Lopez, 803 F.2d at 977.
 
 
 [2]
 The Olsons contend that when, as here, the case is based upon circumstantial evidence, the appropriate standard is whether the evidence would "possibly," rather than "probably," result in acquittal. We have found no support for this contention. To the extent the Olsons urge this panel to depart from Ninth Circuit precedent and adopt a less strict standard, we note that a three-judge panel lacks the authority to disregard or overrule Ninth Circuit precedent. See United States v. Lockett, 919 F.2d 585, 591 (9th Cir.1990)