37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Lloyd Gene PLOUTZ, Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellant/Cross-Appellee,
v.
Lloyd Gene PLOUTZ, Defendant-Appellee/Cross-Appellant.
 Nos. 93-10155, 93-10201.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided Sept. 21, 1994.
 
 1
 Before: LEAVY and KLEINFELD, Circuit Judges, and VAN SICKLE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 The United States appeals from an order granting a new trial on arson counts (Cts. I & II), based on newly discovered evidence. Ploutz cross-appeals the denial of an earlier motion for new trial on all counts, based on alleged error in admitting evidence about a 1979 fire, and in refusing to give a specific intent instruction for the mail fraud count (Ct. III).
 
 FACTS AND PROCEEDINGS BELOW
 
 4
 Ploutz was part owner of a commercial building in Modesto, California, which was destroyed when an explosion ignited a fire just after midnight on December 11, 1990. The fire was determined to be the result of arson, with gasoline used as an accelerant.
 
 
 5
 Two witnesses reported seeing a white 1970's model Ford LTD or Mercury car exit quickly from the alley behind the building, just after the fire started. When questioned by fire investigators, Ploutz denied any knowledge of the car, and stated that he had been out of town on a business trip at the time of the fire. Asked if he had previously suffered any fire losses, Ploutz recalled a loss in the mid-1960's, but claimed not to remember an arson fire involving similar circumstances, which destroyed a rental property of his in 1979.
 
 
 6
 At trial, evidence was introduced that, less than 14 hours before the fire, Ploutz had purchased a white 1977 Ford LTD. On the day after the fire, Ploutz towed the car to El Centro, California, where, following an unsuccessful attempt to take the car into Mexico, he left it with an acquaintance.
 
 
 7
 The government also proved that Ploutz increased the insurance coverage on the burned building just two weeks before the fire, and purchased, for the first time, contents coverage for his particular office in the building. He and his wife were seen removing furniture and personal effects from the office. Ploutz was facing financial trouble at the time of the fire.
 
 
 8
 On November 18, 1992, a jury returned verdicts of guilty against Ploutz on two counts of arson, and one count of mail fraud. Ploutz's initial motion for new trial on all counts, based on alleged trial errors, was denied by the District Court. A second motion, based on newly discovered evidence relating to the arson counts, was granted.
 
 
 9
 Of significance to the District Court was new testimony from nighttime switchboard operator Leilani Dobson, who stated that she observed a person leaving Ploutz's building just shortly after the fire began. The person, described as small in stature, was seen putting something into the bed of a small white pickup, parked at a cross-angle in the lot adjacent to Ploutz's building, and driving away without turning on the pickup's headlights.
 
 
 10
 In response to Dobson's testimony, the government presented a declaration by Patricia Ann Ervin, who stated that she was cleaning a bank building in the area when the fire broke out. Fearing for her safety, she quickly left the building, tossed her cleaning supplies in the back of her small white pickup, which was parked at a cross-angle, and drove away. The government argued that Ervin was the person Dobson observed.
 
 
 11
 While noting apparent inconsistencies in the declarations of Dobson and Ervin, the District Court granted Ploutz's motion for new trial. The Court further stated that conflicts in the new evidence were best resolved by a jury.
 
 DISCUSSION
 
 12
 The government charges that the District Court failed to consider the proper legal standard in granting Ploutz's motion for new trial. The decision to grant or deny a new trial is generally reviewed for abuse of discretion, United States v. Alston, 974 F.2d 1206 (9th Cir.1992), though the question whether the district court applied the proper legal standard in reaching its decision is reviewed de novo. See United States v. McCooney, 728 F.2d 1195, 1201-03 (9th Cir.), cert. denied, 469 U.S. 824 (1984). A court of appeals should reverse a district court's grant of a new trial "only rarely, ... and then only in egregious cases." Alston, 974 F.2d at 1212.
 
 
 13
 To prevail on a motion for new trial based on new evidence, the moving party must satisfy a five-factor test:
 
 
 14
 1. the evidence must be newly discovered after trial;
 
 
 15
 2. the moving party's failure to discover the evidence sooner must not be attributable to a lack of due diligence;
 
 
 16
 3. the evidence must be material to the issues at trial;
 
 
 17
 4. the evidence must be new, and not merely cumulative or impeaching; and
 
 
 18
 5. the evidence must indicate that a new trial would probably result in acquittal.
 
 
 19
 United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991); United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989) (treating the third and fourth factors as a single factor).
 
 
 20
 Both the government and Ploutz framed their briefs on the new trial motion before the district court in terms of the proper legal standard. The government relied upon Kulczyk, while Ploutz preferred Walgren; however, it is clear there is no substantive difference between the standards set forth in the two cases.
 
 
 21
 The government maintains that the District Court ignored Kulczyk and Walgren, because neither its oral nor its written decision contains a rote recitation of the five factors. It is clear, however, that the Court considered the relevant factors in evaluating the significance of the newly discovered evidence. The Court remarked: "This was a very close case. The evidence was entirely circumstantial and the existence or the purchase of that white automobile by the defendant must have played a very large part in the jury's determination." (Government's E.R. at 15).
 
 
 22
 Moreover, the record reflects implicit findings by the District Court, which are properly considered by this court. See United States v. Ramirez-Jiminez, 967 F.2d 1321, 1326 (9th Cir.1992). Specifically, the Court acknowledged that Ploutz's witness, Ms. Dobson, was not discovered until after trial, and that her testimony brought to light an entirely new set of relevant facts. (Government's E.R. 15-16). As to whether Ploutz failed to exercise diligence in uncovering Dobson's testimony, the Court inquired of counsel, (Government's E.R. at 15), and was plainly satisfied by his explanation of events.
 
 
 23
 A finding on the remaining factors, including that the new evidence would probably result in acquittal on retrial, is reflected in the Court's remarks about the probable significance of the evidence concerning Ploutz's white Ford LTD. (Government's E.R. at 15). The record implies a conclusion by the Court that circumstantial evidence of another suspicious vehicle in the area would substantially undermine the government's case.
 
 
 24
 Although explicit findings on the five new trial factors would have eased this court's task on review, it cannot be said that the District Court failed to consider the proper legal standard in granting Ploutz's motion for new trial on the arson counts. Under the relevant factors, granting the motion was well within the District Court's discretion.
 
 
 25
 Because we affirm the district court's decision to grant a new trial, we need not address Ploutz's cross appeal.
 
 
 26
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Fred L. Van Sickle, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3