43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Franklin KAYLOR, Defendant-Appellant.
 No. 94-30088.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Franklin Kaylor appeals his conviction following a jury trial for knowing and intentional manufacture of marijuana in violation of 21 U.S.C. Sec. 841(a)(1). Kaylor contends that the district court erred in denying his motion for a new trial because he presented newly discovered evidence. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the denial of a motion for a new trial based on newly discovered evidence for abuse of discretion. United States v. Sitton, 968 F.2d 947, 959 (9th Cir.1992), cert. denied, 113 S.Ct. 1306 (1993); United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). To prevail on a motion for a new trial, the movant must satisfy a five-part test: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of lack of diligence; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal. See Sitton, 968 F.2d at 959-60; Kulczyk, 931 F.2d at 548.
 
 
 4
 After trial Dr. Stanulis, a psychiatrist, interviewed Kaylor and opined that Kaylor suffered from Adult Attention Deficit Disorder, limited intellectual capacity, and poor education. Dr. Stanulis determined that Kaylor would have difficulty in determining the appropriate lines of behavior as an informant, unless these boundaries were clearly established for him. Kaylor contends that this evidence entitles him to a new trial because it undermines an element of the offense: whether Kaylor intended to violate the law by participating in the marijuana grow. This contention lacks merit.
 
 
 5
 Kaylor's failure to discover this "new evidence" until after trial resulted from a lack of diligence. See Sitton, 968 F.2d at 960 (holding that defendants lacked diligence where they waited until after trial to have defense expert conduct tests on amount of methamphetamine in narcotics mixture). Kaylor knew that his state of mind would be at issue during his trial, but he did not seek psychiatric evaluation until after trial. See id. Kaylor offers no explanation for his failure to pursue a psychiatric evaluation even though he admits that his state of mind was one of the key issues at trial.
 
 
 6
 In addition, even if Kaylor had diligently sought psychiatric evaluation, Kaylor has not shown that admission of this evidence would probably result in acquittal. See Kulczyk, 931 F.2d at 548-49. Dr. Stanulis stated that Kaylor would have difficulties in determining his boundaries as an informant. However, Dr. Stanulis never indicated that Kaylor lacked the requisite mental state because of his psychological problems. Furthermore, at the hearing on Kaylor's motion for a new trial, Dr. Stanulis opined that Kaylor knew that he was violating the law by manufacturing marijuana. Dr. Stanulis also testified that Kaylor told him that his reason for growing marijuana was to feed his lifelong addiction. It is unlikely that Dr. Stanulis' testimony would have resulted in Kaylor's acquittal. Accordingly, the district court did not abuse its discretion in denying Kaylor's motion for a new trial. See Sitton, 968 F.2d at 959-60; Kulczyk, 931 F.2d at 548-49.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3