51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Alan MONK, Defendant-Appellant.
 No. 94-10053.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Alan Monk appeals the district court's denial of his motion for a new trial. Monk claims that a letter from a friend corroborating his defense and claiming responsibility for the suspicious evidence on the basis of which Monk was convicted constitutes "newly discovered" evidence warranting a new trial under Fed.R.Crim.P. 33. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review for an abuse of discretion a district court's refusal to hold a new trial. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). "We may affirm the district court's decision on any basis supported by the record." United States v. Gonzalez-Rincon, 36 F.3d 859, 866 (9th Cir.1994) (citing United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993)). "The trial judge has broad discretion to decide that new evidence is not sufficiently credible to support a motion for a new trial." United States v. Diggs, 649 F.2d 731, 740 (9th Cir.), cert. denied, 454 U.S. 970 (1981), overruled on other grounds, United States v. McConney, 728 F.2d 1195 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984).
 
 
 4
 Here, a jury convicted Monk of two offenses involving the modification of electronic equipment to "pirate" satellite signals. The evidence showed that Monk agreed over the telephone to modify a "descrambler" for John Dembo, a satellite system dealer in Las Vegas, who was working for the FBI. Dembo mailed the descrambler to Monk along with a money order for $150. Monk returned to Dembo a different descrambler that had been illegally modified.
 
 
 5
 At his trial, Monk claimed that he often repaired descramblers that had already been illegally modified. He denied having ever modified a "virgin" descrambler, however, and said that he had had a change of heart after agreeing to do so for Dembo. For that reason, he asserted, he had intended simply to return Dembo's descrambler, but he had mistakenly shipped a different one from his workshop. Monk testified that he deposited the money order and did not return the $150 to Dembo.
 
 
 6
 In support of his motion for a new trial, Monk submitted a letter from his friend, Bob Garland. Garland wrote that Monk had packed Dembo's descrambler along with an envelope containing $150 cash in a box. Garland claims that he stole the money and, in his haste to conceal his theft from Monk, replaced Dembo's descrambler with a different one from Monk's workbench.
 
 
 7
 In light of the discrepancies between Monk's and Garland's stories, we conclude that the district court acted within its discretion in denying Monk's motion for a new trial. See Diggs, 649 F.2d at 740; Kulczyk, 931 F.2d at 548.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3