**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sean Andre BEATTIE, Defendant—
Appellant.**

No. 03–10355.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Dec. 21, 2004.

Haywood S. Gilliam, Jr., Esq., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Dennis P. Riordan, Esq., Riordan & Rosenthal, San Francisco, CA, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and GOULD, Circuit Judges.

## MEMORANDUM *

We affirm the district court's denial of Beattie's motion to suppress evidence obtained from a wiretap and his motion for a new trial. We also find that it was not an abuse of discretion to admit the challenged expert testimony.

■ First, the district court appropriately limited the *Franks*[1] hearing to three issues because Beattie did not make a "substantial preliminary showing"[2] that he was entitled to a hearing on the other issues. After the *Franks* hearing, the district court properly denied Beattie's motion to dismiss because he did not meet his burden, by a preponderance of the evidence, to show that, setting aside any intentionally or recklessly false or omitted material, the remaining content in the affidavit was insufficient to establish probable cause.[3] The affiant provided the court with sufficient information on the key informant to gauge the reliability of the informant's claims. The absence of a few more details does not amount to dishonesty or recklessness.

■ Second, the district court did not abuse its discretion in denying Beattie's motion for a new trial based on new evidence regarding the credibility of the informant. Beattie did not demonstrate that the government knew of the confidential informant's mental health problems, or that the government intentionally omitted this information if it did know about it. Also, the district court was not in error in finding that Beattie failed to exercise due diligence,[4] before trial, in obtaining the affidavits about the informant's mental health from her friends and family.

■ Last, the district court did not abuse its discretion in admitting expert testimony decoding telephone conversations between Beattie and his co-conspira-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

2. *Id.* at 155–56, 98 S.Ct. 2674.

3. *Id.* at 155–56, 98 S.Ct. 2674.

4. *See United States v. Kulczyk,* 931 F.2d 542, 548–49 (9th Cir.1991).

tors, based on the expert's knowledge of drug codes and going prices for kilograms of cocaine. We approved of the use of similar testimony in *United States v. Hermanek.*[5]

AFFIRMED.

---

5. *United States v. Hermanek,* 289 F.3d 1076, 1097 (9th Cir.2002).