See also, 517 F.3d 1163.

UNITED STATES of America,
Plaintiff—Appellee,

v.

James F. GARRO, Defendant—
Appellant.

No. 06–50513.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Sept. 25, 2007.

Filed Feb. 28, 2008.

Mark R. Rehe, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Frank J. Ragen, Law Office of Frank J. Ragen, Julie Ann Blair, Esq., Michael Pancer, Esq., San Diego, CA, for Defendant–Appellant.

Before: WALLACE, IKUTA, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Garro appeals his convictions for eight counts of wire fraud under 18 U.S.C. § 1343, six counts of money laundering based on a concealment theory under 18 U.S.C. § 1956(a)(1)(B)(i), five counts of money laundering based on a promotion theory under 18 U.S.C. § 1956(a)(1)(A)(i), and one count of tax evasion under 26 U.S.C. § 7201. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the convictions on all counts.

The district court did not err in instructing the jury that a false statement can be a statement "that was made or used with reckless indifference as to whether it was, in fact, true or false." We have repeatedly held that fraudulent intent may be shown by reckless indifference to the falsity of a statement. *United States v. Munoz*, 233 F.3d 1117, 1136 (9th Cir.2000). The district court's jury instruction was a correct statement of law.

Garro requests reversal because the jury instructions were not recorded and transcribed as required by 28 U.S.C. § 753(b)(1) (1982). Mere failure to transcribe part of a trial, however, "does not require a per se rule of reversal." *United States v. Carrillo*, 902 F.2d 1405, 1409 (9th Cir.1990). Garro must demonstrate that "the missing portion of the transcript specifically prejudices his appeal before relief will be granted." *Id., citing United States v. Gillis*, 773 F.2d 549, 554 (4th Cir.1985). He has not done so. Garro argues that the lack of record means that "it is impossible to demonstrate how the instructions were given to the jury," but we require a more specific showing of prejudice than "potential unknown errors." *United States v. Anzalone*, 886 F.2d 229, 232 (9th Cir.1989). Garro makes no such showing.

Garro challenges the district court's denial of a new trial based on newly-discovered evidence, which we review for abuse of discretion. *See United States v. Walgren*, 885 F.2d 1417, 1426 (9th Cir. 1989). The district court denied Garro's motion for a new trial because it deter-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

mined that the evidence of Garro's mental condition was neither new nor was its presentation at trial likely to produce an acquittal. *See United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991). The evidence was not new because concerns about Garro's psychological state had been raised prior to trial; the district court had even authorized CJA funds to obtain a psychological evaluation before trial. The evidence was not likely to result in an acquittal because the government presented voluminous evidence of intentional deceit. The district court clearly has not abused its discretion.

■ Garro argues that the government failed to disclose to him material, exculpatory evidence, violating his due process rights under *Brady*. *See United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Garro contends generally that materials from the government's investigation of others should have been produced to him, but never explains what piece of evidence should have been given to him or how it would have been material to his defense. Allegedly suppressed evidence is not material when defendants have only a "hunch" that the government had useful information. *United States v. Abonce–Barrera*, 257 F.3d 959, 970 (9th Cir.2001). Furthermore, Garro's claim that the government's flow chart introduced at trial was false and misleading fails because the government never claimed that the chart was a complete representation of Garro's financial transactions and, in any case, he was able to cross-examine the witness who prepared the chart.

■ Finally, Garro contends that the district court's refusal to admit a tape recording during Cimaglia's testimony forced Garro to testify in order to lay the foundation for the tape, violating his Fifth Amendment right against self-incrimina-tion. However, any decision of Garro to testify in order to lay foundation for the tape's admission was a tactical one and not compelled in violation of the Fifth Amendment. *See United States v. Perkins*, 937 F.2d 1397, 1404–1405 (9th Cir.1991) (holding that a defendant's "tactical decision[ ]" to testify based on his "own subjective perception of what constitutes a proper trial strategy" is not compulsion triggering the Fifth Amendment, even if the defendant felt it necessary to testify because of a court's evidentiary rulings).

The issues dealing with the sentence imposed on Garro are considered in a separate opinion.

**CONVICTION AFFIRMED.**