NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTONIO RANGEL MONTEJANO,

Defendant - Appellant.

No. 24-1649

D.C. No.
2:19-cr-00455-PSG-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 21, 2025
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Defendant Antonio Rangel Montejano appeals from the district court's

denial of his motion for a new trial, which was based on a violation of the Jury

Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. §§ 1861–1878. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. We review de novo questions of statutory interpretation. Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1131 (9th Cir. 2018). Defendant's claim under 28 U.S.C. § 1867(a) is procedurally barred because his challenge came after voir dire began. See United States v. James, 453 F.2d 27, 29 n.9 (9th Cir. 1971) ("[Section] 1867(a) provides that the motion must be made before the voir dire examination begins."); United States v. Handy, 454 F.2d 885, 892 (9th Cir. 1971) ("Furthermore, the challenge to the selection of jurors must be made 'before the voir dire examination begins.'" (citation omitted)); 28 U.S.C. § 1867(e) (stating that section 1867 is the exclusive means to bring a challenge for a violation of the JSSA). Because Defendant did not bring his challenge before the start of voir dire, 28 U.S.C. § 1867(a) is not an available avenue for relief.[1]

2. We review for abuse of discretion a district court's denial of a motion for a new trial under Federal Rule of Criminal Procedure 33. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991). Defendant has not met the requirements for a Rule 33 motion for a new trial based on new evidence. See id. ("[T]o prevail on a Rule 33 motion for a new trial . . . the evidence must be material to the issues at trial." (citing United States v. Lopez, 803 F.2d 969, 977 (9th Cir. 1986)) (emphasis added)). Here, Defendant's newly discovered evidence

---

[1] Other avenues, such as a habeas petition, may be open to a defendant who discovers an alleged violation of the JSSA only after voir dire begins.

is not material to the issues at trial.  Nor could Defendant bring a Rule 33 motion based on "[o]ther grounds," Fed. R. Crim. P. 33(b)(2), because he had only 14 days after the verdict to bring such a claim, <u>id.</u>  Defendant filed the relevant motion more than 14 days after the verdict.

**AFFIRMED.**