41 F.3d 1514
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernie R. SANDERS, Defendant-Appellant.
 Nos. 93-50801, 94-50036.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1994.
Decided Nov. 7, 1994.
 
 1
 Before: FEINBERG,* SCHROEDER and KOZINSKI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 1. In June 1991, Ernie R. Sanders was convicted on drug trafficking charges. In February 1993 we affirmed the conviction. United States v. Sanders, No. 91-50705 (9th Cir. Feb. 18, 1993). While that appeal was pending, Sanders moved in the district court for a new trial and also moved for return of property that had been seized from him. The district court denied both motions, and Sanders has brought separate appeals from those denials. The appeal in 93-50801 concerns the motion for a new trial. On that appeal, Sanders contests the probable cause affidavit that supported the warrant for a search of his residence, which search uncovered evidence that led to his conviction. He claims that evidence discovered after his conviction in connection with a related civil forfeiture case supports his motion for a new trial or for an evidentiary hearing on the foundation for the probable cause affidavit. In 94-50036, Sanders appeals the district court's denial of his motion for return of seized property.
 
 
 4
 2. In 93-50801, the district court did not abuse its discretion in ruling that Sanders fails to demonstrate that his "newly discovered" evidence requires a new trial. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991). Under Kulczyk, Sanders would have to show that the new evidence demonstrated that the government lacked probable cause at the time the search warrant was issued so that the fruits of that search could not have been admitted at trial. The warrant was based on Agent Macanas's affidavit. According to Sanders, the most significant new evidence is the deposition testimony of Fry (whom the government conceded at oral argument, for purposes of this appeal, to be confidential informant CI-3 referred to in the Macanas affidavit) in the related civil forfeiture case. But even that deposition testimony does not satisfy Sanders' burden. Giving due weight to the new evidence and disregarding the allegations in the Macanas affidavit that the new evidence reasonably undermines, there was still more than enough in the affidavit to support the search warrant. For instance, unrefuted portions of the affidavit establish Sanders' involvement in drug trafficking. ER at 98-101. Those statements support a "reasonable inference" that evidence would be found in Sanders' residence. United States v. Anguelo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986). Also, notwithstanding the inferences that Sanders would draw about Fry's credibility from allegedly newly discovered evidence of Fry's attempted escape and attempted suicide, Sanders is unable to refute Fry's reliability as demonstrated by the very recent proffer of information (at the time of the Macanas affidavit) that led to the seizure of narcotics. ER at 100.
 
 
 5
 3. Sanders fails to satisfy the requirements articulated in United States v. DiCesare, 765 F.2d 890, 894-95 (9th Cir.1985) to prevail in his request for an evidentiary hearing on the basis for probable cause. He offers no support for his assertion that misstatements or omissions in the Macanas affidavit were intentional or reckless. Further, for the reasons stated in paragraph 2 above, the challenged statements were not necessary to the magistrate judge's finding of probable cause.
 
 
 6
 4. Sanders' claim that the government withheld exculpatory evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1968), is meritless. In light of Fry's proven reliability in providing information that helped to uncover narcotics within days of submission of the Macanas affidavit, Fry's alleged suicide attempt and information regarding charges of escape 20 years earlier (for which Fry was acquitted) had no significant bearing on his veracity as an informant, and therefore was not exculpatory. With regard to the remaining claims of Brady violations, Sanders either points to no exculpatory evidence that the government withheld (claiming only that further discovery might reveal exculpatory evidence) or refers to the alleged withholding of documents that were not in existence at the time Macanas executed his affidavit.
 
 
 7
 5. In 94-50036, Sanders' request for return of seized property was properly denied. The government has returned non-evidentiary property to Sanders. SECR at 17. As to other property, the rule is that Sanders bore the burden of demonstrating that the government will not need this property as evidence at a new trial and that he may possess the property lawfully. United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987). So long as Sanders was seeking a new trial, we see no reason why that rule does not still apply. Therefore, the burden was not met. The burden of proof shifts to the government only once it is clear that the property will no longer be needed at trial. Id. We affirm the denial of Sanders's motion for return of seized property without prejudice to his renewal of the motion in the district court after the judgment of this court in 93-50801 becomes final.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3