61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Duwayne MCCURDY, Defendant-Appellant.
 No. 94-30416.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 17, 1995.*
Decided July 20, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 DuWayne L. McCurdy appeals pro se the district court's denial of his Fed. R. Crim. P. 33 motion for a new trial on the basis of "newly discovered" evidence, and Brady and Jencks Act violations. A jury convicted McCurdy of incest within the boundaries of an Indian reservation for sexually abusing his daughter, Sparrow McCurdy. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Newly Discovered Evidence
 
 
 4
 McCurdy contends that the district court erred by denying his motion for a new trial based on "newly discovered" evidence. This contention lacks merit.
 
 
 5
 We review for an abuse of discretion a district court's refusal to hold a new trial. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir. 1991). "The trial judge has broad discretion to decide that new evidence is not sufficiently credible to support a motion for a new trial." United States v. Diggs, 649 F.2d 731, 740 (9th Cir.), cert. denied, 454 U.S. 970 (1981), overruled on other grounds, United States v. McConney, 728 F.2d 1195 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). Furthermore, "evidence that would merely impeach a witness cannot support a motion for a new trial." Kulczyk, 931 F.2d at 549.
 
 
 6
 At trial, DuWayne's parents, Donna and Marvin McCurdy, testified, attacking Sparrow's credibility. Iren McCurdy, Duwayne's fifteen year old son, testified that he had seen his father in bed with Sparrow "moving around .... He was laying on his side, and his hands were in front of her." A jury convicted McCurdy of sexually abusing his daughter.
 
 
 7
 The "newly discovered evidence" McCurdy submitted consists of an affidavit from Iren which states "I don't feel that the court put my words down as I said them and did not understand my testamony [sic]," and affidavits from Donna and Marvin McCurdy attacking Sparrow's credibility.
 
 
 8
 We agree with the district court that McCurdy's submission of "questionable post-trial affidavits" does not support a motion for a new trial. See Diggs, 649 F.2d at 740.
 
 II
 Brady and Jencks Act Violations
 
 9
 McCurdy next contends that the prosecution failed to turn over Sparrow's Victim Impact Statement before trial in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963), and the Jencks Act. This contention lacks merit.
 
 
 10
 Brady requires that the prosecution disclose to the defense material evidence favorable to the accused. Brady v. Maryland, 373 U.S. 83, 87 (1963). The Jencks Act requires the government to produce any government witness' statement that relates to the subject matter of her direct testimony. 18 U.S.C. Sec. 3500; see also United States v. Barker, 988 F.2d 77, 79 (9th Cir. 1993).
 
 
 11
 Here, the jury convicted McCurdy on June 9, 1992. On June 16, 1992 the prosecution contacted Sparrow and requested a Victim Impact Statement. The Victim Impact Statement was included in the Presentence Report and was provided to McCurdy prior to his sentencing on September 3, 1992.
 
 
 12
 We agree with the district court that no Brady or Jencks Act violation occurred because Sparrow's statement did not exist before trial and because McCurdy received a copy of the statement prior to sentencing.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 McCurdy's contention that he should receive a new trial because the prosecution knowingly used false evidence when they submitted the Victim Impact Statement is without merit