70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Artem B. DAVID, Defendant-Appellant.
 No. 95-10137.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Artem B. David appeals pro se the district court's denial of his Fed.R.Crim.P. 33 motion for a new trial on the basis of "newly discovered" evidence and Brady violations. We have jurisdiction under 28 U.S.C. Sec. 1291. We review for an abuse of discretion, United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991), and we reverse and remand.
 
 
 3
 On May 15, 1991, a jury convicted David of operating a continuing criminal enterprise, in violation of 21 U.S.C. Sec. 848. On September 12, 1991, David was sentenced to life imprisonment. Prior to trial, the Assistant United States Attorney ("AUSA") agreed to disclose any evidence favorable to David pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).
 
 
 4
 At David's trial, the prosecution introduced videotaped depositions of two witnesses, Eduardo Gomez and Michael DeWitt, who were serving life sentences in the Philippines. These witnesses were characterized as "central" to the government's case by the district court, and as "crucial" by the prosecution. The prosecution further stated that "the testimony of Gomez is the only testimony--well, virtually the only testimony--which supports the predicate act for the Continuing Criminal Enterprise counts." Both Gomez and DeWitt have since been released from prison, and are currently living in the United States.
 
 
 5
 On October 24, 1994, David filed a Fed.R.Crim.P. 33 motion contending that the prosecution violated its obligations under Brady, by failing to disclose an agreement between the AUSA, and Gomez and DeWitt, which called into question the credibility of these witnesses. In support of this contention, David submitted an April 19, 1994 affidavit from Gomez stating that the AUSA had informed him that, if he testified for the government, "I'll see what I can do!" and a March 27, 1992 letter from the AUSA to the American Embassy in the Philippines which outlined Gomez' and DeWitt's assistance, and urged their release. The March 27, 1992 letter referred to earlier attempts by the AUSA to obtain the release of Gomez and DeWitt. The district court denied David's motion, holding that "[t]he issue raised by Defendant David in his Rule 33 motion was raised and disposed of on direct appeal."
 
 
 6
 David contends that the district court erred in denying his Fed.R.Crim.P. 33 motion. This contention has merit.
 
 
 7
 The Due Process Clause of the Constitution prohibits the prosecution from suppressing evidence favorable to an accused where the evidence is material either to guilt or to punishment. Brady, 373 U.S. at 87; United States v. Alderdyce, 787 F.2d 1365, 1369 (9th Cir.1986).
 
 
 8
 Ordinarily, evidence impeaching a witness will not be material ... because it will not refute an essential element of the government's case. At most, it will provide the trier of fact with a reason to find the witness' testimony incredible.
 
 
 9
 In some situations, however, the newly-discovered impeachment evidence may be so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible.
 
 
 10
 United States v. Davis, 960 F.2d 820, 825 (9th Cir.) (citations omitted), cert. denied, 113 S.Ct. 210 (1992).
 
 
 11
 Contrary to the district court's order, this claim was neither raised, nor considered on direct appeal.[1] See United States v. David, No. 91-10481 (9th Cir. Jan. 11, 1993) (unpublished memorandum disposition) (holding that government's failure to disclose Puerto and Stennis's post-arrest statements was not a Brady violation).
 
 
 12
 Accordingly, we reverse the district court's order denying David's Fed.R.Crim.P. 33 motion, and remand this case to district court. The district court is directed to consider, in light of the Gomez affidavit and the March 27, 1992 letter, whether the result of David's trial would have been different had this evidence been disclosed to the defense. See Davis, 960 F.2d at 825. This panel shall retain jurisdiction over this matter should it return to this court. See United States v. Bernal-Obeso, 989 F.2d 331, 332 (9th Cir.1993).
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. David's motion to file a late reply brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This claim, however, was raised in David's 28 U.S.C. Sec. 2255 motion. Our holding, without the benefit of the affidavit or letter, was only that David had failed "to show how the result of the proceeding would have been different had th[is] evidence been disclosed to the defense," in United States v. David, No. 94-15521 (9th Cir. Nov. 1, 1994) (unpublished memorandum disposition). This holding does not preclude David's argument that the newly discovered evidence of the AUSA's promise of assistance in obtaining Gomez and DeWitt's release from life sentences could have rendered the testimony of these crucial witnesses incredible. See Davis, 960 F.2d at 825