103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff and Appellee,
v.
Murl Herman CRAIG, Defendant and Appellant.
 Nos. 95-10231, 95-10298.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1996.
Decided Nov. 6, 1996.
 
 1
 Before: O'SCANNLAIN, LEAVY, Circuit Judges, and HUFF*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Murl Herman Craig appeals the district court's denial of his motion for a new trial based on newly discovered evidence, an evidentiary hearing, and his motion for reconsideration. This court has jurisdiction under 28 U.S.C. section 1291. We affirm.
 
 
 4
 This court affirmed Craig's conviction and sentence in an unpublished memorandum decision filed August 20, 1990. United States v. Craig, No. 89-10364 (9th Cir.1990) (Craig I ). However, in second unpublished memorandum decision issued on February 27, 1992, this court reversed the district court's order denying Craig's request for the assistance of counsel in his pursuit of his motion for a new trial. United States v. Craig, No. 90-10429 (9th Cir.1992) (Craig II ).
 
 
 5
 After the district court appointed counsel, Craig renewed his motion for a new trial and requested an evidentiary hearing in support thereof on March 6, 1995. In support of his motion, Craig submitted the same declarations he submitted in support of his original motion for a new trial, as well as a declaration from his new attorney, Phillip Pennypacker, claiming that in a 1994 jailhouse interview, Ronald Howell had "implicated himself" in the robbery.
 
 
 6
 The district court denied Craig's motion for a new trial and request for an evidentiary hearing. With regard to the declarations submitted by Craig, the court determined such statements to be inadmissible hearsay under Rule 804(b)(3) of the Federal Rules of Evidence. Thus, because Craig failed to submit a tape or transcript of Howell's confession or any statement from Howell, the court concluded that the new evidence proffered by Craig "[was] not likely to produce an acquittal."
 
 
 7
 Craig timely appealed the district court's order. Craig also filed, in the trial court, a motion to reconsider. Eleven days later, Craig filed pro se an additional motion for reconsideration. The district court found that it lacked jurisdiction to consider Craig's motions because Craig's notice of appeal filed May 19, 1995 divested the court of jurisdiction and denied both motions for reconsideration. Craig appealed both rulings and this court consolidated Craig's appeals.
 
 DISCUSSION
 Standards of Review
 
 8
 A district court's denial of a motion for a new trial based on newly discovered evidence is reviewed for an abuse of discretion. United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991); United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.), cert. denied, sub nom Gonzalez-Ramirez v. United States, 506 U.S. 890 (1992). Similarly, this court reviews a denial of an evidentiary hearing in support of a new trial motion for an abuse of discretion. United States v. Walczak, 783 F.2d 852, 857 (9th Cir.1986).
 
 Denial of Motion for a New Trial
 
 9
 "[T]o prevail on a Rule 33 motion for a new trial, the movant must satisfy a five-part test:
 
 
 10
 (1) the evidence must be newly discovered;
 
 
 11
 (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;
 
 
 12
 (3) the evidence must be material to the issues at trial;
 
 
 13
 (4) the evidence must be neither cumulative nor merely impeaching; and
 
 
 14
 (5) the evidence must indicate that a new trial would probably result in acquittal.
 
 
 15
 Kulczyk, 931 F.2d at 548. The district court denied Craig's motion on its finding that (1) Craig failed to submit any admissible evidence regarding Howell's alleged confession and (2) a new trial based on Defendant's new evidence is not likely to produce an acquittal.
 
 
 16
 Two of the declarations filed by Craig in support of his motion mirrored the submissions filed in his 1989 motion for a new trial--the declaration by his previous attorney, Jay Rothstein, and the declaration and investigation interviews of Hunt and Bowe submitted by his investigator. The interviews contained in investigator's submission did not undermine the strength of either Hunt's or Bowe's in-court identifications of Craig. The court rejected as inadmissible hearsay under Federal Rule of Evidence 804(b)(3) the Rothstein declaration that Howell had confessed to him in 1989. The additional declaration from Pennypacker suffered from the same flaw as Rothstein's. In this declaration, Pennypacker asserted that Howell had "implicated himself in the bank robbery." After noting the ambiguous wording of the declaration, which could support an inference of a confession to aiding and abetting or conspiracy as easily as an inference that Howell was solely responsible, the district court found this declaration to constitute inadmissible hearsay under Rule 804(b)(3). Again, Craig failed to submit any declaration from Howell or a copy of the tape or transcript of the tape on which Howell allegedly confessed. In sum, Craig's submissions in support of his claim that Howell committed the bank robbery did not offer any additional evidence not previously rejected by the district court in its denial of Craig's previous motion and supported by this court in Craig II.
 
 
 17
 The government submitted Howell's August 1990 grand jury testimony and his February 1990 FBI interview. In both of these statements, Howell denied committing the robbery. Howell and Craig new each other from prison and had escaped together immediately prior to the bank robbery.
 
 
 18
 Considering (1) Howell's recantation of his confession; (2) Howell's prior relationship with Craig, which included a joint prison escape; (3) the differences in Howell's and Craig's appearances; (4) the difference of 15 years between their ages; (5) the strength of the three in-court identifications of Craig; and (6) the lack of admissible evidence from Howell, it was not an abuse of discretion for the trial court to conclude that a new trial would not likely result in an acquittal.
 
 Denial of an Evidentiary Hearing
 
 19
 A district court must provide an evidentiary hearing unless the proffered evidence could have no affect on the verdict or the district court, based on the record alone, can determine that the proffered evidence is without credibility. See United States v. Navarro-Garcia, 926 F.2d 818, 822 (9th Cir.1991). Apart from the Pennypacker declaration, Craig did not offer any other evidence not previously rejected by both the district court and this court. See Craig II. Because (1) three eye witnesses identified Craig as the robber, (2) the district court, upon reviewing photographs of Howell and Craig, determined that they did not look alike, and (3) Howell denied committing the robbery in his 1990 grand jury testimony and FBI interview, the district court did not abuse its discretion in concluding that Howell's testimony was not credible and would not result in a different outcome. The record supports fully the district court's finding that no evidentiary hearing was required.
 
 Denial of Reconsideration
 
 20
 Based on the above discussion, defendant's appeal of his motion for reconsideration is moot. Nevertheless, the court notes that the trial court concluded properly that upon Craig's filing a notice of appeal of the order denying his request for a new trial, it lacked jurisdiction to entertain his motion for reconsideration of that denial. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").
 
 
 21
 The court finds no error in the district court's denial of defendant's motion for a new trial, an evidentiary hearing and his request for reconsideration.
 
 
 22
 Affirmed.
 
 
 
 *
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3