145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Walfredo ARREAGA-RODRIGUEZ, Defendant-Appellant.
 No. 97-10160.
D.C. No. CR-96-00378-EHC.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted January 16, 1998.
Decided May 22, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Earl H. Carroll, District Judge, Presiding.
 Before WIGGINS, NOONAN, TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Walfredo Arreaga-Rodriguez appeals his conviction on assault charges, challenging several district court decisions during his trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Arreaga-Rodriguez first challenges the district court's refusal to strike a prospective juror for cause. The court's decision not to strike for cause is reviewed for an abuse of discretion. See United States v. Alexander, 48 F.3d 1477, 1484 (9th Cir.1995). The district court did not abuse its discretion. The judge heard the prospective juror's answers to questioning, including his affirmative response when asked whether he could be objective and follow the judge's instructions. See id. (holding a similar question and response sufficient for court to refuse to strike for cause).
 
 
 4
 Moreover, the Supreme Court held in Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), that the mere loss of a peremptory challenge does not create a constitutional violation, so long as the resulting jury is impartial. See 487 U.S. at 88. Appellant does not claim that the jury at his trial was not impartial. Thus, there was no constitutional error. Arreaga-Rodriguez's claim that his trial was unfair because the district court did not strike a prospective juror for cause fails.
 
 II.
 
 5
 Arreaga-Rodriguez next argues that the district court abused its discretion by failing to order the prosecution to produce a transcript of the grand jury testimony of Special Agent Barnargas under the Jencks Act, 18 U.S.C. § 3500(b). We disagree.
 
 
 6
 We review for an abuse of discretion a district court decision to deny a motion to produce a witness statement under the Jencks Act. See United States v. Nash, 115 F.3d 1431, 1440 (9th Cir.1997), cert. denied, --- U.S. ----, 118 S.Ct. 1054, 140 L.Ed.2d 117 (1998). Under the Jencks Act, the government must produce pretrial statements made by a witness called by the government that are in the government's possession and relate to the substance of the witness' testimony. See 18 U.S.C. § 3500(b). This rule is applicable to criminal trials under Federal Rule of Criminal Procedure 26.2(a).
 
 
 7
 Arreaga-Rodriguez asks us to find that the district court abused its discretion by not ordering the production of a transcript of a pretrial statement by a witness who had not yet testified for the government. Under both § 3500(b) and Rule 26.2(a), the defense could only demand the production of such transcript "[a]fter a witness called by the United States has testified on direct examination." § 3500(b). In this case, however, the defense asked for the transcript before the government called Agent Barnargas. Consequently, the Jencks Act did not require the government to produce the transcript. It is irrelevant that the government eventually chose not to call Agent Barnargas. The district court did not abuse its discretion in denying the request. See United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir.1984) (noting that the district court cannot order the government "to produce statements of prospective witnesses whom the government subsequently decides not to call at trial").
 
 III.
 
 8
 Arreaga-Rodriguez argues that certain prior consistent statements of the victim should not have been admitted into evidence, and that this error necessitates a new trial. Although we agree that the district court probably erred in admitting some of the prior consistent statements, any error was harmless and does not merit a new trial.
 
 
 9
 Arreaga-Rodriguez contends that he is automatically entitled to a new trial because statements were improperly admitted. The analysis, however, is not so simple. He is only entitled to a new trial if improperly admitted statements caused harmful error. "Nonconstitutional errors are harmless unless the reviewing court has grave doubt whether the erroneously admitted evidence substantially affected the verdict." United States v. Collicott, 92 F.3d 973, 940 (9th Cir.1996).
 
 
 10
 Unlike in Collicott, where the government "enjoyed a windfall of inadmissible evidence," id., the relevant statements in this case did not substantially affect the verdict. The testimony of Cindy Perez, Mary Jane Percy, Dr. Harold Reeder, and Officer Terry all supported the victim's version of events. The improperly admitted statements from Agent Barnargas' testimony were not so probative that they were likely to have significantly affected the verdict. Arreaga-Rodriguez is not entitled to a new trial because of improperly admitted evidence.
 
 IV.
 
 11
 Arreaga-Rodriguez claims that the district court abused its discretion by denying his motion for a new trial on the basis of newly discovered evidence. He argues that the "new" evidence was the clothes he wore on the day of the alleged assault.
 
 
 12
 This court reviews for an abuse of discretion a district court's denial of a new trial motion. See United States v. Alvarez, 86 F.3d 901, 906 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 748, 136 L.Ed.2d 686 (1997). The defendant carries a significant burden to show that the district court abused its discretion in denying the motion for a new trial. See United States v. Endicott, 869 F.2d 452, 454 (9th Cir.1989).
 
 
 13
 Under Federal Rule of Criminal Procedure 33, the district court "may grant a new trial to [the] defendant if required in the interest of justice." Fed.R.Crim.Pro. 33. To satisfy this standard, the defendant must show that: (1) newly discovered evidence exists, (2) the fact that it is newly discovered is not due to a lack of diligence on the defendant's part, (3) the evidence is material to the issues at trial, (4) the evidence is not cumulative or merely impeaching, and (5) the evidence indicates that a new trial would probably result in an acquittal. See United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991).
 
 
 14
 Arreaga-Rodriguez fails to meet the five-part test established by this court. His clothes cannot be considered "newly discovered" because the defense knew about and had access to them prior to trial. Therefore, the fact that the defense only noticed a dark stain on the clothes after the trial was due solely to a lack of diligence. See United States v. Arbelaez, 719 F.2d 1453, 1462 (9th Cir.1983) (affirming a district court's denial of a new trial where "new" evidence was "known to defendants and available to them before trial"). The district court did not abuse its discretion by denying Arreaga-Rodriguez's motion for a new trial.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3