**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sheri Denise ZARATE, Defendant— Appellant.**

No. 01–50234.

D.C. No. CR–00–01123–SVW–1.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2002 *.

Decided April 15, 2002.

---

4. The propriety of this ruling was raised and affirmed on direct appeal in the California courts.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before PREGERSON, and TROTT, Circuit Judges, and FITZGERALD,** District Judge.

## MEMORANDUM ***

Sheri Zarate ("Zarate") was convicted as a willing participant in a bank robbery. The jury believed that Zarate knowingly drove the getaway car after her husband, Orlando Sample ("Sample"), robbed a bank. At sentencing, Zarate moved for a new trial based on newly discovered evidence. Sample, who did not testify at Zarate's trial, was now allegedly willing to testify that Zarate had no knowledge of his bank robbery when she picked him up on the street corner.

The district court denied Zarate's motion because Sample's proffered testimony was not "newly discovered" but rather "either available or capable of being developed before trial." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's decision.

We review for an abuse of discretion the district court's denial of a motion for a new trial. *United States v. Lockett*, 919 F.2d 585, 591 (9th Cir.1990). A district court's findings of fact are accepted unless those findings are clearly erroneous. *United States v. Endicott*, 869 F.2d 452, 454 (9th Cir.1989).

■ In order to obtain a new trial based on newly discovered evidence, Zarate must establish: (1) the evidence was newly discovered; (2) Zarate exercised due diligence in uncovering the new evidence; (3) the new evidence is not merely cumulative or impeaching; (4) the new evidence is material; and (5) the new evidence is such that a new trial would probably produce an acquittal. *See United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.2000).

When a "defendant who has chosen not to testify subsequently comes forward to offer testimony exculpating a co-defendant, the evidence is not newly discovered." *United States v. Diggs*, 649 F.2d 731, 740 (9th Cir.1981) (internal quotations omitted). Although Sample's testimony may be newly available to Zarate, it is not newly discovered evidence sufficient to warrant a new trial. *See United States v. Reyes–Alvarado*, 963 F.2d 1184, 1186 (9th Cir.1992) (finding codefendants who were unavailable after they invoked their privilege against self-incrimination could not offer newly discovered evidence once they became available to testify); *Lockett*, 919 F.2d at 591 (finding a post-conviction exculpatory affidavit offered by a non-testifying codefendant was not newly discovered evidence).

Before and during trial, Zarate knew of all the facts underlying her present allegations of newly discovered evidence. That Sample was represented by counsel, charged with the same criminal activity, and had not waived his privilege against self-incrimination does not change the fact that Zarate knew Sample could offer potentially exculpatory testimony.

■ Moreover, Zarate failed timely to develop Sample's testimony. Though Zarate knew Sample had information pertinent to her defense, she never interviewed him, subpoenaed him, or inquired into his willingness to testify at her trial. Nor did Zarate inform the judge that she was hav-

** The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

ing trouble locating Sample at the Springfield (Missouri) Federal Medical Center. *See United States v. Kulczyk,* 931 F.2d 542, 548–49 (9th Cir.1991) (finding failure to inform judge of difficulty in locating witnesses indicates lack of due diligence). Zarate did not seek immunity for Sample to testify and, as noted by the district court, she did not seek a continuance in order to investigate Sample's assistance with her defense. Such failures exhibit a lack of due diligence in uncovering exculpatory evidence.

Accordingly, the district court did not abuse its discretion in denying Zarate's motion for a new trial. AFFIRMED.

---

* The Honorable James M. Fitzgerald, Senior District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.