**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Norman Anthony KING, Defendant–
Appellant.**

No. 01–10191.
D.C. No. CR–94–00298–RLH.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Norman Anthony King appeals the district court's denial of his Federal Rule of Criminal Procedure 33 motion for a new trial. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]

King contends that he should receive a new trial because the government withheld certain evidence in violation of *Brady v.*

*Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court found, however, that no exculpatory evidence was withheld, and that finding is not clearly erroneous. *See United States v. Lam,* 251 F.3d 852, 855 (9th Cir.2001) (holding that district court's findings of fact are reviewed for clear error).

King also contends that the recent opinion of a handwriting expert, stating that King did not sign check # 1048, constitutes newly discovered evidence warranting a new trial. Because the documents examined by King's new handwriting expert were available before trial, because the new opinion is cumulative, at best, and because the opinion has no bearing on other evidence that King signed the checks, the district court's determination that no new trial was warranted was proper. *See United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991) (stating that to prevail on a motion for a new trial, a defendant must show that the evidence is newly discovered through the exercise of due diligence, that it is neither cumulative nor merely impeaching, and that it would possibly result in an acquittal).[2]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We affirmed King's conviction and sentence for bank and wire fraud in *United States v. King.* 200 F.3d 1207 (9th Cir.1999).

2. King's motion requesting supplemental briefing concerning alleged defects in the indictment is denied because defects in an indictment do not deprive a court of jurisdiction. *See United States v. Cotton,* —— U.S. ——, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002).