**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**MY–HUONG THI HOANG,**
**Defendant–Appellant.**

No. 05–50881.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2007.

Filed May 16, 2007.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Lawrence E. Kole, Esq., Jeannie E. Masse, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Vincent Oliver, Esq., Law Offices of Vincent Oliver, Los Angeles, CA, for Defendant–Appellant.

My–Huong Thi Hoang, Garden Grove, CA, pro se.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

My–Huong Thi Hoang appeals the district court's denial of her motion for a new

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

trial and challenges the district court's imposition of a 63–month sentence after she was convicted of mail fraud and money laundering in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1956. Hoang and her then-husband owned and operated a pharmacy and engaged in a scheme to defraud private insurance companies: they submitted false claims to these companies, representing that the pharmacy had dispensed prescription drugs that were covered under the insurance companies' policies when in fact no medications had been requested or dispensed.

■ In her motion for a new trial, Hoang offered a contract between her and her mother-in-law. A motion for a new trial based on newly discovered evidence should be granted where the following criteria are met: (1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal. *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991). Each of the criteria is a necessary predicate to obtaining a new trial. *See United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir.2000).

The contract that Hoang produced in her motion for a new trial was not newly discovered nor did she exercise diligence in obtaining the contract. The parties discussed the existence of this contract at some length at trial, so Hoang knew of its existence at that time. As such, the document was merely newly available. Although Hoang asserts that she did "everything in her power" to obtain the document at issue prior to trial, the district court did not err in holding that she failed to exercise due diligence to uncover

it sooner. Hoang was a party to the contract, and she was able to produce contemporaneous records and contracts with far less financial significance. In addition, the agreement was ultimately found in the garage of a family member. *Cf. United States v. Lopez*, 803 F.2d 969, 977 (9th Cir.1986) (holding that new trial was not warranted because newly discovered evidence was discovered on the defendant's company's premises). The district court's denial of her motion is affirmed.

Hoang also raises several challenges to her sentence. She first argues that the district court should have found facts that it used in enhancing her sentence beyond a reasonable doubt. This argument is foreclosed by our case law, which holds that even after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), pre-Booker standards of proof continue to apply at sentencing so long as the district court recognizes that the Guidelines range is merely advisory. *See United States v. Staten*, 466 F.3d 708, 720 (9th Cir.2006).

■ Hoang next contends that the district court erred when it found that the loss attributable to her was greater than $1 million. The district court relied on the presentence report's loss calculation, which was based on two sources of information: (1) funds received by the pharmacy from February 2001 to July 2001, the duration of Hoang's involvement with the scheme, and (2) fraudulent deposits made by Hoang herself on behalf of the pharmacy. The documented losses were sustained during Hoang's involvement and were properly calculated. This conclusion is not undermined by Hoang's claim that because the restitution amount was reduced, the loss amount should be reduced in equal measure. The restitution amount was calculated using a different source of information than the sources used to calculate the loss for sentencing purposes. That source

originally included loss amounts for which Hoang was not liable, providing the reason for the district court's reduction in restitution. But, the sources used to calculate the loss for sentencing purposes never included those erroneously added amounts. The district court committed no error when it did not reduce the loss amount established for the purpose of sentencing.

■ Hoang challenges the reasonableness of her sentence. *See Booker,* 543 U.S. at 261–62, 125 S.Ct. 738 (2005). The district court imposed a sentence at the low end of the Guidelines range. The court properly calculated the Guidelines range, addressed Hoang's arguments for a reduced sentence in a detailed tentative ruling and at her sentencing hearing, and balanced the seriousness of the offense with Hoang's mitigating circumstances. *See United States v. Cantrell,* 433 F.3d 1269, 1279–81 (9th Cir.2006); *United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006). Accordingly, the district court did not err in imposing a 63–month sentence.

**AFFIRMED.**