**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sanae KOHIKI, a.k.a. Sange Kohiki,
Defendant–Appellant.**

by 9th Cir. R. 36–3.

United States of America,
Plaintiff–Appellee,

v.

David Canter, Defendant–Appellant.

Nos. 06–50210, 06–50231.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 12, 2007.

Filed May 16, 2007.

Becky S. Walker, Esq., Alicia Villarreal, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Harland W. Braun, Esq., Harland W. Braun Law Offices, Liliana Coronado, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do

* This disposition is not appropriate for publica- tion and is not precedent except as provided

not repeat them here. David Canter ("Canter") was convicted of mail fraud, in violation of 18 U.S.C. §§ 2, 1341, and 2326, and Sanae Kohiki ("Kohiki") was convicted of mail fraud, in violation of 18 U.S.C. §§ 2 and 1341. On appeal, Canter and Kohiki challenge the district court's denial of their motions for new trials, and, in the alternative, each requests remand to the district court for a further evidentiary hearing.

■■■ Canter asserts that the government's failure to disclose a statement by John Sarabia—allegedly made to the police before Canter's trial—concerning Canter's involvement with the fraud violates *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and requires a new trial. Assuming *arguendo* that the statement was made, we agree with the district court that it was not material under *Brady* because there is not "a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Kyles v. Whitley,* 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (internal quotation marks omitted). In addition, the district court did not abuse its discretion in denying Canter's motion for a new trial based on newly discovered evidence. *See United States v. Sarno,* 73 F.3d 1470, 1507 (9th Cir.1995). The alleged statement by John Sarabia does not entitle Canter to a new trial pursuant to Federal Rule of Criminal Procedure 33 because it does not "indicate that a new trial would probably result in acquittal." *United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991). Additionally, a declaration by Leo Sarabia—Canter's co-defendant—cannot qualify as newly discovered. *See United States v. Diggs,* 649 F.2d 731, 740 (9th Cir.1981), *abrogated by United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir. 1984), *abrogated on other grounds by* by 9th Cir. R. 36–3.

*Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

■■■ The district court did not abuse its discretion in denying Kohiki's motion for a new trial based on newly discovered evidence. *See Sarno,* 73 F.3d at 1507. Because John Sarabia's written declaration as to Canter is not relevant to Kohiki's case, it is not material and does not "indicate that a new trial would probably result in acquittal." *Kulczyk,* 931 F.2d at 548. In addition, a declaration by Leo Sarabia—Kohiki's co-defendant—cannot qualify as newly discovered. *See Diggs,* 649 F.2d at 740.

Given these findings, we conclude that remand is not necessary for a further evidentiary hearing.

Accordingly, we **AFFIRM** the district court's denial of Canter and Kohiki's motions for new trials.