**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Howard VOGEL, Defendant— Appellant.**

No. 04–10234.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2005.

Decided May 9, 2005.

Jeffrey W. Cole, AUSA, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

George C. Boisseau, Esq., Santa Rosa, CA, for Defendant–Appellant.

Before: LAY,* B. FLETCHER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Howard Vogel ("Vogel") appeals his conviction of conspiracy to launder monetary instruments and fourteen counts of money laundering, arguing that the district court abused its discretion in the admission of evidence. Finding no abuse of discretion or legal error, we affirm.

■ There was no abuse of discretion in admitting Vogel's statement to co-conspirator Steven Ableman that Vogel had been convicted of drug trafficking, imprisoned, and disbarred from legal practice. Ableman testified that Vogel's statement served as "a positive reference" to him. The district court admitted this evidence "for the limited purpose of explaining the state of mind of both the defendant and Mr. Ableman as they relate to the formation of the conspiracy," and instructed the jury to consider the evidence for this purpose only—specifically not for the truth of the statement. While this testimony constitutes other acts evidence under Federal Rule of Evidence 404(b), the district court's limiting instruction made it clear that the testimony was offered for a purpose other than showing conformity with prior behavior, namely to show the initial formation of the conspiracy, and how Vogel convinced Ableman to hire him to commit illegal acts. Furthermore, as the district court correctly found, the statement was not unduly prejudicial under Federal Rule of Evidence 403, especially given the limiting instruction.

■ Nor did the district court abuse its discretion in admitting evidence that Vogel assisted co-conspirator Ableman in producing false invoices to hide drug proceeds. Evidence is not treated as Rule 404(b) "other crimes, wrongs, or acts" when it is "inextricably intertwined" with the crime charged. *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir.1987). Here, the record suggests that Vogel's falsification of the sales audit for Ableman was closely intertwined with Vogel's other money laundering for Ableman. "Moreover, these crimes can be seen as direct evidence of the ongoing conspiracy charged in the indictment." *United States v. Ripinsky*, 109 F.3d 1436, 1442, *as amended* 129 F.3d 518 (9th Cir.1997), *overruled on other grounds by United States v. Sablan*, 114 F.3d 913, 916 (9th Cir.1997) (en banc). Vogel's involvement in Ableman's sales audit to hide Ableman's drug proceeds not only helped the jury understand the relationship between the two co-conspirators, but it also suggested Vogel's knowledge that Ableman's funds stemmed from drug trafficking.

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ We also find no fault with the district court's admission of Vogel's failure to file income taxes during the years of the charged conspiracy. In *United States v. Taylor*, 239 F.3d 994, 999–1000 (9th Cir. 2001), we recognized that the bad act of failure to file may be "probative of the use of illegal, rather than legal, income." Thus, the district court has discretion to admit such evidence if the probative value outweighs the prejudicial effect. *Id.* at 999. Here, the district court did not abuse its discretion in admitting this evidence, where Vogel's knowledge that the proceeds were illegal was at issue.

■ Finally, the district court did not abuse its discretion in admitting Leland Hereford's testimony that co-conspirator Randall Harper told him to destroy a check that would reveal the source of Vogel's funds, and that "if this check got into the wrong hands, he could be in trouble." Sufficient evidence supported the district court's initial finding that Harper, Vogel's attorney, was involved in the charged conspiracy by assisting Vogel in disguising the source of Vogel's funds. *See Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Harper asking Hereford to destroy evidence of proceeds from an illegal activity that is the object of the conspiracy qualifies as furthering the conspiracy under Federal Rule of Evidence 801(d)(2)(E), and thus is not hearsay.

AFFIRMED.