**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Howard M. VOGEL, Defendant—
Appellant.**

No. 06–10113.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2007.

Filed Oct. 17, 2007.

Amber S. Rosen, Esq., Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Daniel F. Cook, Esq., Topel & Goodman, San Francisco, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CLIFTON, Circuit Judge, and SCHIAVELLI *, District Judge.

---

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

## MEMORANDUM **

In this appeal, Appellant Howard M. Vogel ("Vogel" or "Appellant") contends the district court should have granted his motion for new trial on the basis of newly-discovered evidence.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

### Background[1]

On October 3, 2002, Appellant was convicted of conspiracy and fourteen counts of money laundering in connection with a drug-smuggling operation. On September 30, 2005, after unsuccessfully appealing this conviction,[2] Vogel moved for a new trial pursuant to Fed.R.Crim.P. 33, and for discovery in support of his Rule 33 motion.

In his motion, Vogel argued a new trial was warranted because new evidence "wholly discredited" the testimony of the government's key witness against him, Vogel's co-conspirator Steven Ableman ("Ableman"). This new evidence consisted of the facts and circumstances surrounding Ableman's December 2, 2003 conviction for obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c).[3] Ableman's conviction concerned his filing of false accounting documents to his probation officer.

The district court rejected Vogel's arguments and held that there was no basis for a new trial. According to the district court, Vogel's contentions neither justified invoking the relaxed *Mesarosh*[4] test for a new trial nor satisfied the standard *Kulczyk*[5] five-part test. Further, the district

court found that Ableman's criminal conduct occurred only *after* Vogel's conviction and thus was irrelevant to the probative force of his testimony. Finally, the district court concluded that "even if" Ableman's criminal conduct occurred before Vogel's criminal trial, it was merely cumulative impeachment evidence. In light of Vogel's extensive cross-examination of Ableman during the trial, the evidence of Ableman's subsequent conviction was cumulative and "likely would not change the outcome of a new trial."

Given Vogel's failure to justify a new trial, the district court declined to exercise its discretionary powers to order the additional discovery Vogel requested. In so holding, the district court found that Vogel failed to show the requested documents were materially related to Ableman's trial testimony or that the documents would provide anything other than cumulative impeachment evidence.

### Motion For New Trial

On appeal, Vogel seeks to invalidate virtually every aspect of the district court's ruling, including its holding, choice of law, and factual findings. We review these issues in turn.

*The District Court Did Not Abuse Its Discretion In Applying The Five–Part Test For New Trial Articulated In Kulczyk*

■ Vogel argues that the district court erred in its application of the five-part test that this Circuit applies to motions for new

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts, so we do not discuss the details.

2. *United States v. Vogel*, 132 Fed.Appx. 119, cert. denied, 546 U.S. 913, 126 S.Ct. 278, 163 L.Ed.2d 247 (2005).

3. *United States v. Ableman*, CR 03–0350–VRW ("*Ableman II* ").

4. *Mesarosh v. United States*, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956).

5. *United States v. Kulczyk*, 931 F.2d 542 (9th Cir.1991).

trial based on newly discovered evidence. *See United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991). The district court's application of this five-part test is reviewed for abuse of discretion. *Id.* We find the district court did not abuse its discretion in denying Vogel's Motion For New Trial under the *Kulczyk* test for the following three reasons.

First, the new evidence concerning Ableman's December 2003 conviction was not material because the inference Vogel attempts to make—that because Ableman lied to his probation officer in November 2002, he must have lied to the jury at Vogel's trial—is attenuated at best.

Second, the new evidence was cumulative impeachment evidence. In this Circuit, "newly discovered evidence to impeach a government witness does not warrant a new trial when the evidence would not have affected the jury's assessment of the witness' credibility and when the witness was subjected to vigorous cross-examination." *United States v. Endicott,* 869 F.2d 452, 456 (9th Cir.1989) (citing *United States v. Steel,* 759 F.2d 706, 714 (9th Cir.1985)). In this case, the district court concluded that Ableman's December 2003 conviction was insignificant compared to substantial evidence of Ableman's dubious character that Vogel elicited at trial. Because the jury found Ableman credible despite evidence he previously lied under oath, destroyed evidence, and smuggled millions of dollars in drug proceeds out of the country, it was not an abuse of discretion for the district court to conclude the new evidence was merely cumulative impeachment.[6]

Third, in light of the points above, it is highly unlikely that the new evidence could possibly result in an acquittal if Vogel were given a new trial.

Thus, we find the district court did not abuse its discretion in its application of the standard five-part test to Vogel's Motion For New Trial.

*The District Court Applied The Correct Legal Standard*

■ Vogel also argues that the district court erred by applying the five-part *Kulczyk* test for a new trial rather than the more relaxed *Mesarosh* test. This choice of law issue is reviewed *de novo. See Fields v. Legacy Health Sys.,* 413 F.3d 943, 951 (9th Cir.2005). Even under this standard, Vogel cannot prevail.

We find the district court did not err in its choice of law because this is not the rare case that *Mesarosh* and its progeny were meant to cover. The new evidence regarding Ableman's obstruction conviction is impeachment evidence that would have little impact on the jury's view of Ableman given the evidence already considered by the jury. By contrast, *Mesarosh* and its progeny involved determinations that a critical witness committed perjury or otherwise demonstrated a complete lack of reliability. Ableman's post-trial conduct simply does not rise to this level of unreliability.

*The District Court's Factual Determinations Were Not Clearly Erroneous*

Finally, Vogel argues that the district court's order denying his Motion For New Trial was based on improper factual findings and should therefore be reversed. The district court's factual findings are

---

6. We are also unpersuaded by Vogel's argument that the district court should have applied the exception to the standard five-part test for new trial set forth in *United States v. Davis,* 960 F.2d 820 (9th Cir.1992). We find *Davis* inapplicable because the new evidence is not "so powerful that, if it were to be believed by the trier of fact, it could render the witness' testimony totally incredible." *Id.* at 825.

reviewed under the clearly erroneous standard, which requires a "definite and firm conviction that a mistake has been committed." *Easley v. Cromartie,* 532 U.S. 234, 242, 121 S.Ct. 1452, 149 L.Ed.2d 430 (2001) (internal quotations and citations omitted).

Vogel argues that the district court erred in finding that (1) Ableman's criminal conduct regarding his obstruction charge occurred *after* Vogel's trial and (2) it was speculative for Vogel to argue that Ableman was attempting to hide drug tainted money through his obstruction conduct and thus had committed uncharged crimes including money laundering under 18 U.S.C. § 1956(a)(1)(B).[7] We find that neither of these factual determinations was clearly erroneous because Ableman's obstruction charge was based on false filings that occurred *after* Vogel's conviction, and there is evidence in the record that Ableman was not attempting to conceal the illicit source of funds when he filed false reports with his probation officer.

### Discovery Request

Vogel also asked the district court to exercise its discretionary powers to order new discovery regarding Ableman's obstruction charge and related conduct. The district court's denial of this request is reviewed for abuse of discretion. *See United States v. Arenas–Ortiz,* 339 F.3d 1066, 1069 (9th Cir.2003). As previously demonstrated, the district court did not abuse its discretion in denying Vogel's request for a new trial because Vogel failed to satisfy the five-part *Kulczyk* test. Because the district court denied Vogel's discovery request on identical grounds, this holding was also not an abuse of discretion.

### Conclusion

The judgment of the district court is **AFFIRMED.**

---

**7.** We are also unpersuaded by Vogel's argument that the district court erred in finding that the Government acted properly. From the record before us, it appears that the Government did nothing to conceal the new evidence from Vogel or his counsel.

