**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Rene GOMEZ–VALDES, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

**v.**

**Rene Gomez–Valdes, Defendant—**
**Appellee.**

Nos. 07–50156, 07–50202.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2008.

Filed April 14, 2008.

**664**

---

Christopher A. Ott, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

Rene Gomez–Valdes appeals his jury conviction and sentence for importation and possession of marijuana under 21 U.S.C. §§ 952, 960 and 21 U.S.C. § 841(a)(1), respectively. The government cross-appeals, contending that the district court inappropriately applied the advisory sentencing guidelines and erred in imposing a sentence of twenty-seven months. We affirm both Gomez Valdes's conviction and his sentence.

Gomez Valdes contends that he did not execute a knowing and intelligent waiver of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), when he signed a waiver form presented to him by guards at the Calexico port of entry to the United States. However, any potential error in this regard was "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *see also United States. v. Whitehead,* 200 F.3d 634, 639 (9th Cir. 2000) (finding harmless error where "physical evidence [is] virtually conclusive of guilt."). Gomez Valdes was stopped at the border with 100 pounds of marijuana, worth an estimated $29,844, concealed under a false floor, in a compartment that extended directly beneath his feet. Given this overwhelming physical evidence, there is not a reasonable possibility that suppressing his peripheral statements would have materially affected the verdict. *See United States v. Rubio–Villareal,* 967 F.2d 294, 296 n. 3 (9th Cir.1992) (en banc) (quoting *United States v. Valle–Valdez,* 554 F.2d 911, 915 (9th Cir.1977)) (providing for reversal only if "there is a *reasonable possibility* that the error materially affected the verdict.")

Gomez Valdes also alleges a violation of his rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). However, Gomez Valdes's motion for a new trial made no mention of any alleged *Brady* violation, and "[i]ssues not presented to the trial court cannot generally be raised for the first time on appeal." *United States v. Flores–Payon,* 942 F.2d 556, 559 (9th Cir.1991). Additionally, the district court did not abuse its discretion in denying his motion for a new trial, because the evidence Gomez Valdes sought to introduce would probably not result in acquittal. Fed. R.Crim. Pro. 33; *United States v. Kulczyk,* 931 F.2d 542, 548 (9th Cir.1991).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Gomez Valdes further claims that the grand jury instructions impermissibly precluded grand jurors from considering penalty information. However, in *United States v. Navarro–Vargas II*, this court upheld model jury instructions that told grand jurors, "when deciding whether or not to indict, you should not be concerned about punishment in the event of conviction. Judges alone determine punishment." 408 F.3d 1184, 1187 (9th Cir.2005) (en banc).

In sentencing Gomez Valdes, the district court properly held he was not entitled to a minor role reduction under U.S.S.G § 3B1.2(b) because appellant did not demonstrate by a preponderance of the evidence that he was less culpable than most other participants. *United States v. Zakharov,* 468 F.3d 1171, 1181 (9th Cir. 2006), *cert. denied,* — U.S. —, 127 S.Ct. 2150, 167 L.Ed.2d 879 (2007). "[C]ourier status does not automatically entitle [one] to a downward adjustment." *United States v. Davis,* 36 F.3d 1424, 1435 (9th Cir.1994). While Gomez Valdes argues that he was denied the reduction because he went to trial and asserted innocence, "denial of a reduction is appropriate even when the lack of establishing evidence results from the exercise of a constitutional right." *Id.* A minor role reduction is to be used "infrequently and only in exceptional circumstances," and the district court properly denied an adjustment here. *United States v. Pena–Gutierrez,* 222 F.3d 1080, 1091 (9th Cir.2000) (collecting cases).

On cross-appeal, the government contends that the district court incorrectly considered itself bound by *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), at sentencing. The district court did cite precedents constraining judicial fact-finding, but never said it was bound by *Cunningham.* In issuing appellant's sentence, the district court did not err in deferring to the jury's special verdict.

**AFFIRMED.**