**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30394 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-05295-RBL |
| v. | |
| STEVEN ALLEN McCRACKEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding
Ronald B. Leighton, District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Steven Allen McCracken appeals pro se from the district court's orders

denying his motions for recusal and a new trial.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

McCracken contends that then-Chief Judge Pechman erred by affirming

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge Leighton's denial of McCracken's recusal motion. McCracken argues that Judge Leighton's remarks concerning methamphetamine reflected a deep-seated antagonism toward him and his case. We conclude that there was no abuse of discretion. *See United States v. McTiernan,* 695 F.3d 882, 891 (9th Cir. 2012). The nature of the drug involved in McCracken's offense was an appropriate sentencing consideration, *see* 18 U.S.C. § 3553(a)(1), and the record does not otherwise reflect that Judge Leighton harbored antagonism towards McCracken or was biased against him. *See McTiernan*, 695 F.3d at 891-92.

McCracken also argues that the court should have granted his new trial motion under Federal Rule of Criminal Procedure 33(b)(1). To warrant a new trial, the movant must satisfy a five-part test. *See United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir. 1991). The district court did not abuse its discretion in concluding that McCracken did not meet that test. *See id.* The evidence concerning McCracken's relationship with his business partner was cumulative of evidence that was presented at trial, the lab report was not new evidence and McCracken was not diligent in obtaining it, and neither piece of evidence indicated that "a new trial would probably result in acquittal." *Id.*

McCracken's motion for an extension of time to file his reply brief is denied as moot. McCracken's reply brief was filed on September 1, 2016, and considered.

**AFFIRMED.**